## No. 8998.

### H. DUDLEY COLEMAN & BRO. VS. THEIR CREDITORS.

Where a party applies for a respite under the insolvent laws of the State and files his schedule and the usual order is rendered thereon, and a creditor representing that his debtor is carrying on business as before and disposing of his property, prays for an order requiring the debtor to give bond to cover his claim and as indemnity against the alleged disposition of property pending the proceedings for a respite, which order is granted, the same can be appealed from.

This appeal is not premature because the appellant had failed to move for the rescinding of the order before taking the same.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe,* J.

*Braughn, Buck & Dinkelspiel* and *W. O. Hart* for Appellees.

*Jonas & Nixon* for Appellants.

The opinion of the Court was delivered by

TODD, J. H. Dudley Coleman & Bro. filed on the 5th September, 1883, a petition for a respite and annexed thereto a statement of their

8

assets and liabilities. The court rendered the usual order thereon. On the tenth of same month a supplemental petition and schedule were filed. On the 15th of September, the Germania National Bank, the holder of two notes on which Coleman & Bro. were indorsers, reciting the proceeding for a respite and representing that their alleged debtors were carrying on their business as before and selling and disposing of their property, prayed that Coleman & Bro. be required to give a bond to cover the claim of the bank and that the property possessed by them be not disposed of pending the application for a respite.

An order was accordingly rendered requiring the execution of the bond, asked for, in five days from the service of the order.

From this order Coleman & Bro. appealed.

The appellee moves to dismiss the appeal on three grounds, substantially as follows:

1. That the order appealed from is not such as can work an irreparable injury.

2. That for this Court to determine whether the injury would or not be irreparable, would have to take original jurisdiction, there being no proceedings or testimony on the point in the record.

3. That the appeal was prematurely taken, there having been no motion to rescind the order for error.

1st. We think, in view of the facts and proceedings appearing in the record, that an irreparable injury might ensue to the appellants from the order or interlocutory judgment in question. It is to be presumed that the appellants expect to derive some great advantage from the respite, and we can easily imagine a condition of affairs where such a relief would save them from hopeless financial ruin.

The order condemns them to give a bond for a large amount in favor of the appellee, who is seeking to defeat their application for a respite. If they should be unable to give the bond and thus open the way for the pursuit of this creditor by regular action, it is easy to see that it would probably result in a failure to obtain the respite and a failure to extricate themselves from their embarrassments in the manner proposed. That the injury might prove irreparable viewing the order in this light, we think the appellants were entitled to appeal from it.

2d. The same record of proceedings upon which the lower judge acted is before us and we are only called upon to review the action of the judge in the light of these proceedings, not to determine, now, whether he did right or wrong in granting the order, but only to judge of the character of the order and whether appealable or not. This

does not involve original jurisdiction. We fail to see force in this ground.

3d. If the order or decree in question was appealable, it was not incumbent on the appellants to try and have it rescinded, he was entitled to his appeal at once.

There are other grounds of dismissal discussed in the brief of counsel, but as they were not included in the motion to dismiss, we are not called on to consider them.

For these reasons the motion is denied.